# PEOPLE OF THE UNITED STATES EX REL. CELESTINO LOPEZ CRUZ,

*v.*

# MARIANO R. PESQUERA, AS PROHIBITION DIRECTOR OF THE UNITED STATES FOR PORTO RICO.

San Juan, Law, No. 1549.

PROHIBITION.

Prohibition Director—No General Control by Court.

1. This court has power to control the actions of the Federal prohibition director for Porto Rico in no case unless it appears that he has acted arbitrarily, unreasonably, or in a manner which actually deprives some person of a right.

Mandamus—Applicant Must be Clearly Entitled.

2. A party seeking a mandamus must show that he is clearly entitled to the same, and in the absence of such showing the writ must be denied.

Prohibition—Druggist's Permit Approved at Washington.

3. The National Prohibition Act requires that permits for druggists or pharmacists to obtain alcohol must be approved by the Commissioner at Washington before the same can properly issue.

Opinion filed May 16, 1922.

Mr. *H. G. Molina* for plaintiff (relator).

Mr. *Ira K. Wells,* United States District Attorney, for respondent.

XII. Porto Rico.—27.

ODLIN, Judge, delivered the following opinion:

This is a proceeding in mandamus which was filed on the 3d of March, 1922, asking this court to grant a writ of mandamus requiring the Federal prohibition director for Porto Rico to issue to the petitioner a permit in accordance with the application, made under oath, on the 18th of July, 1921, which application is in the form prescribed by the United States Internal Revenue Bureau of the Treasury Department at Washington.

The petition sets forth that this application entitled the petitioner, as a matter of right, to the permit, and that the ground upon which the respondent denied the permit was frivolous, both in law and in fact, and it is also claimed that the issuance of the license was withheld arbitrarily and without just cause or reason; that it is not in the reasonable exercise of the discretion of the Prohibition Director or of any other person authorized in that behalf, and that the petitioner was lawfully and justly entitled to receive such permit.

It is also alleged that by reason of the denial of such permit, the petitioner, who is a pharmacist by profession, is suffering irreparable damages because his business and the practice of his profession are hampered by such denial and that he has no remedy at law to recover the damages which he is suffering as a result of such denial.

The first answer which was filed by the respondent was regarded by the court as insufficient, and at the request of the respondent he was allowed to file a supplemental answer on March 18, 1922, and the matter has been submitted to the court upon the petition and this supplemental answer, which is, in substance, as follows:

United States ex rel. Cruz v. Pesquera.

First, that the said relator is not duly licensed as a pharmacist under the laws of Porto Rico as is required under the National Prohibition Act, and that although the laws of Porto Rico provide for licenses to be issued to pharmacists, the petitioner does not possess such a license, but is permitted by sufferance to act as a pharmacist. The court holds that this ground is not sufficient to deny the writ, because of an act of the Porto Rico legislature, which has been relied upon by the petitioner and which confers certain rights upon him aside from the formal issuance of the usual license.

The supplemental answer then goes on and sets forth that under the National Prohibition Act the issuance of all permits is in the hands of the National Prohibition Commissioner at Washington, and that the only power that the respondent in his capacity of National Prohibition Director of Porto Rico has is to recommend to said Commissioner at Washington the granting of such permit, and that the issuance thereof is in the discretion of said Prohibition Commissioner.

It is also alleged and not denied that the respondent herein has, as prohibition director, made a thorough examination and investigation with respect to this application by the petitioner, and believes that on account of the circumstances of the case and the character of the petitioner, the privileges which would be conferred by the permit would be abused, and this is based upon the allegation that when said petitioner had a permit heretofore he violated the law, and the respondent states, under oath, that he has every reason to believe that the petitioner would do so again.

This court is of the opinion that it has the power to control the actions of the prohibition director only in such cases which

United States ex rel. Cruz v. Pesquera.

plainly show that his action is arbitrary, unreasonable, and actually deprives a petitioner of a right to which such petitioner is clearly entitled. The writ of mandamus is an extraordinary remedy. No court should grant a writ of mandamus unless the right of applicant therefor is clearly shown. This court is convinced that if the writ of mandamus were to issue in this case it would be error in view of the supplemental answer of the respondent, duly verified, which has in no way been denied by the petitioner.

For these reasons the proceedings in mandamus are dismissed and the petitioner will pay the cost of same.

It is so ordered.